UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOBILE MICROMEDIA SOLUTIONS, LLC,

    Plaintiff,

                                                 Case No. 10-14316
-vs-                                              HON. AVERN COHN

JAGUAR LAND ROVER NORTH
AMERICA, LLC, et al.,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR A PARTIAL JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION

This is a patent case claiming infringement regarding an automobile entertainment communication system. Plaintiff Mobile Micromedia Solutions, LLC (MMS) is the successor-in-interest to Donner, Inc. (Donner). In 2003, Donner granted Ford Global Technologies, LLC (Ford) and its affiliates a license to use U.S. Patent Nos. 5,420,931 ('931) and 5,722,069 ('069). Defendant Jaguar Land Rover North America (JLRNA) was a Ford affiliate in 2003. As of 2008, JLRNA was no longer an affiliate; it continued to exercise the patent rights.

MMS filed suit against JLNRA, Superior Auto Mall, LLC, United Investment Solutions, Inc., and Chrysler Group, LLC, in the Western District of Arkansas on October 27, 2010, asserting claims in three counts as follows: infringement of '931 patent; infringement of '069 patent, and infringement of U.S. Patent No. 6,470,178. (Doc. 3). On October 27, 2010, the case was transferred to this Court for convenience under 28 U.S.C.

§ 1404(a). (Doc. 4). On November 23, 2010, defendants Superior Auto Mall, LLC and United Investment Solutions, Inc. were dismissed. (Doc. 27).

Now before the Court is JLRNA's motion for a partial judgment on the pleadings on counts one and two of the complaint, on grounds that it is licensed to exercise the '931 and '069 patents pursuant to a 2003 settlement agreement.[1] The Court originally scheduled this matter for hearing. However, upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2). For the reasons that follow, JLRNA's motion is DENIED.

## II. FACTS

The pertinent facts related to the present motion and as the Court understands them from the parties' papers are as follows.

In late 2002, Donner asserted infringement claims against Ford. In January, 2003, Donner and Ford entered into a settlement agreement (agreement) in which Ford paid Donner "the full and final lump sum of $200,000.00" in exchange for a patent license and covenant not to sue. The agreement also extended an irrevocable license to Ford affiliates, defined as "any corporation, company or other legal entity in which Licensee or Ford Motor Company has a 50% or more ownership interest." When the agreement was executed, JLRNA was wholly owned by Ford. In 2008, JLRNA was spun-off from Ford and is no longer an affiliate under the agreement's definition.

## III. STANDARD OF REVIEW

JLRNA moves for a partial judgment pursuant to Rule 12(c) of the Federal Rules of

---

[1] Defendant Chrysler Group, LLC has not joined JLNRA in the present motion.

Civil Procedure, which, in pertinent part, states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Massih v. Jim Moran & Associates, Inc., 542 F.Supp.2d 1324, 1328 (M.D.Ga. 2008) (quoting Fed.R.Civ.P. 12(c)). "To obtain a judgment on the pleadings, the moving party must clearly establish that no material fact remains unresolved and that it is entitled to judgment as a matter of law." Id.; see Andrx Pharm., Inc., v. Elan Corp., PLC, 421 F.3d 1227, 1232-33 (11th Cir. 2005) ("Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noted facts.").

"The Court may grant the motion only if it appears beyond doubt that the nonmovant can prove no set of facts in support of his claim, which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings." Id.; Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir.1998). "In ruling on a motion for judgment on the pleadings, the Court must view the complaint in the light most favorable to the plaintiff. In general, the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." Id.; Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir.1996).

## IV. ANALYSIS

### A.

JLRNA first argues that it is lawfully exercising its patent rights because it was a Ford affiliate on the date that the agreement was executed and, thus, was granted an

3

irrevocable license regardless of whether it is currently an affiliate. In other words, JLRNA says that when the agreement was executed, its patent rights vested and cannot be revoked. In support, JLRNA cites Section 3.2 of the agreement, which states in pertinent part, "the license granted . . . shall be irrevocable and retroactive to the date of the issuance of the earliest issued" of the patents. JLRNA also asserts that MMS is bound by the agreement provisions, as successor-in-interest to Donner.

In response, MMS argues that the agreement extends to current affiliates only and relies on the agreement's definition of affiliate, requiring a 50% or more ownership interest, to support its argument. Accordingly, MMS says that because JLRNA is no longer an affiliate and because there is no express provision granting JLRNA patent rights, the agreement no longer extends to JLRNA. MMS also says that the irrevocability of the license is irrelevant because whether an entity is licensed first turns on whether an entity is an affiliate. In other words, if an entity is an affiliate, it has an irrevocable license to use the patents under the agreement; if not, there is no license and irrevocability is immaterial. At the least, then, MMS argues that the term affiliate is ambiguous and JLRNA is not entitled to a partial judgment on the pleadings. MMS is correct.

B.

As an initial matter, the agreement stipulates that Georgia state law governs its construction. In Georgia, a contract is ambiguous when there is "duplicity, indistinctness or an uncertainty of meaning or expression." Horowitz v. Weil, 275 Ga. 467, 468 (2002). Further, a jury question may arise when a contract is found to be ambiguous to allow consideration of evidence such as the contracting parties' intent. McClintock v. Wellington Trade, 187 Ga. App. 898, 902 (Ga. Ct. App. 1988). Finally, "contracts must be construed

4

as a whole." State Auto Property Casualty Co. v. Matty, 286 Ga. 611, 617 (2010). Particularly, Georgia law "favor[s] the construction that "upholds the contract in whole and in every part." Deep Six v. Abernathy, 246 Ga. App. 71, 74 (2000). When construing an ambiguous contract, the background of the contract and circumstances under which it was entered into, particularly the purpose for the particular language to be construed, must be considered. Horowitz, 275 Ga. at 467.

C.

In Imation Corp. v. Koninklijke Philips Electronics N.V., et al., 586 F.3d 980 (Fed. Cir. 2009), the Federal Circuit found that whether a subsidiary was entitled to exercise its patent rights depended first on whether the party qualified as a subsidiary under the contract's definition of the term. Id. at 991 ("subsidiary includes a 50% ownership requirement. As a result, [a subsidiary is] licensed only as long as [the entity] retains a 50% ownership interest."). Further, the court found that the subsidiary license class was a "fluid membership that changed as the parties – sophisticated corporations operating throughout the world – changed their corporate structures." Id.

D.

The Court finds Imation persuasive. Here, the definition of affiliate is similar to Imation's definition of subsidiary, i.e., requiring at least a 50% ownership interest to be part of the license class. Further, it is undisputed that JLRNA is no longer a Ford affiliate. Thus, like the subsidiary in Imation, here, affiliate was likely intended to be a threshold determination as to whether an entity has patent rights. Stated differently, and construing the agreement in a light most favorable to MMS, Ford affiliates are licensed only as long as Ford retains at least a 50% ownership interest in them. Because JLRNA is no longer

5

owned by Ford, and no longer an affiliate, it has no license.

JLRNA attempts to distinguish Imation on grounds that subsidiary, defined as "any . . . form of business organization as to which the party now or hereafter has more than a fifty percent (50%) ownership interest," contains the word "hereafter," unlike the definition of affiliate at issue here.  Imation, 586 F.3d at 983.  JLRNA's argument lacks merit.  The term "hereafter" in Imation's subsidiary definition simply means that a subsidiary can be added to the license class after the contract's effective date.  Thus, rather than finding Imation inapposite, the Court finds that it supports MMS's argument that the license class here was intended to be fluid and not fixed at the effective date.

SO ORDERED.

       S/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 28, 2011, by electronic and/or ordinary mail.

       S/Julie Owens
       Case Manager, (313) 234-5160